ILELA SWANSTON and EZEKIEL WATTLEY, Plaintiffs

v.

WILLIAM FRENCH SMITH, ATTORNEY–GENERAL OF THE U.S., U.S. DEPT. OF JUSTICE; ALAN NELSON, COMMISSIONER OF THE IMMIGRATION AND NATURALIZATION SERVICE; JAMES WALKER, ACTING DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE; and KENNETH WALKER, OFFICER–IN–CHARGE, IMMIGRATION AND NATURALIZATION SERVICE, Defendants

Civil No. 82-208

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 7, 1982

David Iverson, Esq., Legal Services of the Virgin Islands, St. Thomas, V.I., *for plaintiffs*

Hugh P. Mabe, II, Esq., Acting U.S. Attorney, Charlotte Amalie, St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This memorandum sets forth the basis of our order entered in this case on August 11, 1982, by which the application of plaintiffs for a temporary restraining order was denied.

Plaintiff Wattley is a citizen of St. Kitts-Nevis who had been present in the U.S. Virgin Islands under the classification of a non-immigrant dependent of a temporary worker. He had resided in the U.S. Virgin Islands for 15 years. Subject to a notice to surrender order issued on June 29, 1982, Wattley was taken into custody by INS agents on July 2, 1982 and subsequently deported to the island of St. Kitts. He now seeks an order which would enjoin defendants from preventing his return to the United States and the resumption of his former immigration status at least until September 30, 1982.

Plaintiff Swanston is a citizen of St. Kitts-Nevis who has resided in the United States since 1965 and was formally admitted as an "H-2" nonimmigrant "temporary worker." She was notified to sur-

render for deportation by an order of the INS dated June 24, 1982. Unlike Wattley, she had not (on the date this action was filed) yet been deported, and she therefore sought an order restraining defendants from carrying out the deportation at least until September 30, 1982.

The class of persons which plaintiffs seek to represent consists of those persons who (like the named plaintiffs) are potential beneficiaries of the proposed Virgin Islands Non-Immigrant Alien Adjustment Act now pending in the U.S. Congress. H.R. 3517, 97th Cong., 1st Sess. (1981). The proposed legislation would amend the Immigration and Nationality Act to permit certain nonimmigrant aliens to apply for permanent resident status, provided they are otherwise eligible to receive immigrant visas, and provided they are physically present in the U.S. Virgin Islands at the time of filing such an application. This benefit would apply to all aliens who have been inspected and admitted to the United States Virgin Islands as nonimmigrant alien workers under section 101(a)(15)(H)(ii) of the Immigration and Nationality Act (or as a spouse or minor child of such worker) and who have resided continuously in the U.S. Virgin Islands since June 20, 1975. The present action seeks to enjoin defendants from deporting at least until September 30, 1982, all those persons who would fall within the coverage of H.R. 3517 but currently face outstanding deportation orders. Relief is also requested on behalf of those persons who are potential beneficiaries of the proposed legislation but who have already been removed from the United States pursuant to deportation orders.

It should be noted preliminarily that the interest of those persons potentially affected by the proposed Virgin Islands Non-Immigrant Alien Adjustment Act is, at this date, just that—*potential*. As with any proposed immigration legislation which contemplates adjusting the status of a class of aliens or foreign refugees, the current measure can impose no mandatory obligations upon defendants until after it has been enacted into law. And, as with *any* piece of pending legislation, the terms, conditions and definitions presently contained in the current measure may be radically altered prior to its passage. (Indeed there can be no assurance that the proposal will be enacted at all.)[1]

---

[1] As of the date on which this action was filed (August 6, 1982), H.R. 3517 had merely been approved by the House of Representatives. Subsequently the bill (with slight amendments) was passed by the U.S. Senate (August 20, 1982), and it now awaits the signature of the President before it can be enacted into law. See, Virgin Islands *Daily News*, August 21, 1982.

██ In the instant case, it is clear that plaintiffs are without even an inchoate right to have their status adjusted or apply for the prescribed remedies in accordance with the proposed legislation. The mere pendency of beneficial legislation obviously does not mandate the staying of an ongoing deportation procedure duly authorized by existing law. Nor does it require as a matter of Due Process protection, that an alternative procedure be followed. Even if the proposal at issue in this case were to expressly preserve rights currently in the process of acquisition, affected individuals could avail themselves of such protection only on or after the date on which the legislation takes effect. Cf. United States v. Menasche, 348 U.S. 528 (1955); Petition For Naturalization of Zaharia, 166 F.Supp. 314 (S.D. N.Y. 1958).

██ Plaintiffs apparently concede that the pending bill does not directly provide them with a cognizable claim. They assert instead that the defendant INS, through a letter by defendant James Walker dated June 2, 1982, voluntarily committed itself to abide by the obligations contained in H.R. 3517 as currently drafted, and that it thereafter deviated from the policy. This interpretation belies a true understanding of the June 2 letter. Responding to an inquiry by plaintiffs' attorney concerning that class of persons in the U.S. Virgin Islands who faced outstanding or imminent deportation orders but who nevertheless stood to benefit from the proposed Non-Immigrant Alien Adjustment Act, Acting Director Walker stated that such individuals "can be granted voluntary departure to September 1, 1982." Complaint, Exhibit B. Under the terms of the INS regulations, a grant of "voluntary departure" (or self-deportation) after the entry of a final deportation order, lies within the sole discretion of the District Director. 8 C.F.R. § 243.5 (1982). Permission to seek a voluntary departure is often granted (as was presumably contemplated in the June 2 letter) under circumstances in which the status of a class of aliens or refugees is uncertain or in the process of adjustment. Gordon and Rosenfield, 2 Immigration Law and Procedure § 7.2a (1981). In addition, "[n]o formal procedure [for a grant or denial of voluntary departure] is prescribed and the application is made and considered *informally*. No appeal from the district director's decision is provided." Id. § 7.2d (Emphasis added.)

██ The named plaintiffs (who have each apparently exhausted all administrative and judicial remedies to block deportation) allege that the INS' St. Thomas Officer-In-Charge (defendant Kenneth Walker) has acted contrary to the District Director's June 2 letter

by denying their requests for voluntary departure, and has thereby violated the rights afforded each of them under both § 706 of the Administrative Procedure Act[2] and the Due Process Clause of the Constitution. However, even a cursory reading of the June 2 letter indicates that the policy therein does not mandate a self-executing grace period for the entire class of individuals in the position of plaintiffs. Instead, the District Director has, in light of the pending legislation, announced that the aliens in question may individually request voluntary departure and thereby effectively postpone deportation until September 1, 1982. The defendant INS and its local officers were therefore under no affirmative obligation to either comply with the terms of H.R. 3517 as currently drafted or grant each request for voluntary departure made by a member of the affected class.

Putting to one side the fact that in the instant case the requests for voluntary departure made on behalf of each of the named plaintiffs were addressed to the St. Thomas Officer-In-Charge and not (as 8 C.F.R. § 243.5 plainly requires) to the District Director, the challenged procedures in no way constituted an abuse of discretion or otherwise trenched upon the statutory or constitutional rights of plaintiffs. While notice of a denial to the applicants themselves may have been preferable, notification to their attorney was certainly reasonable in the absence of a more exacting notice requirement in either the statute or the regulations, and in light of the "last minute" nature of such a request.[3] Accordingly, the actions of defendants provide no basis on which the extraordinary relief requested of this Court may be afforded.

## CONCLUSION

The pendency of the proposed Virgin Islands Non-Immigrant Alien Adjustment Act of 1981 certainly does put into doubt which INS enforcement measures are administratively appropriate at

---

[2] 5 U.S.C. §§ 551–706.

[3] Plaintiff Wattley argues in addition that the defendant INS acted in violation of the Administrative Procedure Act by failing to act upon his formal application for a stay of deportation filed under the terms of 8 C.F.R. § 343.4 (1982). Unlike a grant or denial of a request for voluntary departure, the disposition of an application for a stay requires a written notice of denial to be served on the applicant personally. 8 C.F.R., id. However, in the present case, the application for a stay was filed, according to the complaint, six hours after the time at which plaintiff was required to surrender for deportation. Because the application for a stay of deportation was untimely filed, the INS was discharged from any obligation to formally act upon the request.

■■■

least with respect to that class of persons potentionally affected by the measure. Counsel for plaintiffs was therefore acting in the best interests of his clients when he sought a clarification from the Service of its interim policy regarding such individuals. The June 2 letter from the Acting District Director provided that clarification by setting out a policy of permitting applications for voluntary departure on a case-by-case basis pending the final disposition of H.R. 3517 and any prospective change in the status of the individuals covered thereunder. Those persons wishing to avail themselves of this interim remedy obviously must file timely requests in accordance with both the Act and the regulations. However, in the absence of any evidence that the statute has been violated or that due process rights have been ignored, the discretionary denial of voluntary departure must stand.